## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY CRUMP, on behalf of himself and those similarly situated,<br>249 Wood Street<br>Bristol, PA 19007<br><br>Plaintiff,<br><br>v.<br><br>HF3 CONSTRUCTION INC.,<br>715 Twining Road, Suite 213<br>Dresher, PA 19025<br><br>and<br><br>DHF ASSOCIATES,<br>715 Twining Road, Suite 213<br>Dresher, PA 19025<br><br>and<br><br>HERBERT FLETCHER, SR,<br>c/o HF3 CONSTRUCTION INC. AND DHF ASSOCIATES<br>715 Twining Road, Suite 213<br>Dresher, PA 19025<br><br>and<br><br>HERBERT FLETCHER, II,<br>c/o HF3 CONSTRUCTION INC. AND DHF ASSOCIATES<br>715 Twining Road, Suite 213<br>Dresher, PA 19025<br><br>Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL ACTION FOR UNPAID OVERTIME AND UNPAID WAGES UNDER PENNSYLVANIA MINIMUM WAGE ACT and PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW<br><br><br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL AND COLLECTIVE ACTION CIVIL COMPLAINT

Named Plaintiff Stanley Crump (hereinafter referred as "Named Plaintiff"), on behalf of

himself and those similarly situated (hereinafter referred to as "Class Plaintiffs"), by and through

1

undersigned counsel, hereby complains as follows against HF3 Construction Inc., DHF Associates, Herbert Fletcher, Sr, and Herbert Fletcher II, (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1.     Named Plaintiff has initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA"), and the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Collection and Payment Law (hereinafter collectively referred to as "Pennsylvania Wage Laws"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and Class Plaintiffs overtime in violation of the FLSA and Pennsylvania Wage Laws.

## JURISDICTION AND VENUE

2.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.     The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, specifically the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4.     This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5.     Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

2

## PARTIES

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      Named Plaintiff is an adult individual with an address as set forth above.

8.      Defendant HF3 Construction Inc. (hereinafter "Defendant HF3"), upon information and belief, is a business located and doing business in Pennsylvania at the address set forth above.

9.      Defendant DHF Associates (hereinafter "Defendant DHF"), upon information and belief, is a business located and doing business in Pennsylvania at the address set forth above.

10.     Defendant Herbert Fletcher Sr (hereinafter "Defendant Fletcher") is an adult individual and an Owner of Defendants HF3 and DHF.

11.     Defendant Herbert Fletcher II (hereinafter "Defendant Fletcher II") is an adult individual and an Owner of Defendants HF3 and DHF.

12.     Upon information and belief, because of their interrelation of operations, common management, common address, and other factors, Defendants HF3 and DHF are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single employer for purposes of the instant action.

13.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Named Plaintiff bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants as laborers and in other similar non-exempt positions subject to Defendants' unlawful pay practices and policies and who worked for Defendants at any point

3

in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Class Plaintiffs").

15.     Named Plaintiff and Class Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices, as discussed *infra*.

16.     There are numerous similarly situated current and former employees of Defendants who were improperly compensated for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

17.     Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

18.     Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

### FACTUAL BACKGROUND

19.     The foregoing paragraphs are incorporated herein as if set forth in full.

20.     On or about January 20, 2014, Named Plaintiff resigned from his position as a laborer for Defendants for approximately seven (7) years.

21.     Defendants perform construction services.

22.     Named Plaintiff's duties as a laborer primarily included the performance of manual labor at construction sites.

23.     Named Plaintiff did not have the authority to hire or fire employees of Defendants.

4

24.     Named Plaintiff did not have the authority to schedule employees of Defendants.

25.     At no time did Named Plaintiff's primary duty consist of the performance of office or non-manual work directly related to management or general business operations, nor did Named Plaintiff exercise discretion or independent judgment over matters of significance related to administrative work on behalf of Defendants.

26.     At no time did Defendants designate Named Plaintiff as an exempt employee under federal or state wage and hour laws.

27.     Accordingly, Named Plaintiff was a nonexempt employee under federal and state wage and hour laws.

28.     Class Plaintiffs' duties primarily include/included the performance of manual labor tasks on construction sites.

29.     Class Plaintiffs do/did not have the authority to hire or fire employees of Defendants.

30.     Class Plaintiffs do/did not have the authority to schedule employees of Defendants.

31.     At no time do/did Class Plaintiffs' primary duties consist of the performance of office or non-manual work directly related to management or general business operations, nor do/did Class Plaintiffs exercise discretion or independent judgment over matters of significance related to administrative work on behalf of Defendants.

32.     At no time did Defendants designate Class Plaintiffs as exempt employees under federal or state wage and hour laws.

33.     Accordingly, Class Plaintiffs are/were nonexempt employees under federal and state wage and hour laws.

<u>**Failure to Pay Overtime Wages**</u>

34.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

35.     From in or around 2010 to in or around May 2012, Defendants paid Named Plaintiff an hourly rate of $15.00.

36.     From in or around May 2012 until in or around May 2013, Defendants paid Named Plaintiff an hourly rate of $17.00.

37.     From in or around May 2013 until Named Plaintiff's resignation on or about January 20, 2014, Defendants paid Named Plaintiff an hourly rate of $20.00.

38.     Named Plaintiff regularly worked over 40 hours per workweek.

39.     However, Defendants never paid Named Plaintiff any additional compensation for hours worked in excess of 40 in a workweek.

40.     Accordingly, Defendants failed to pay Named Plaintiff 1.5 times his regular rate for all hours worked in excess of 40 in a workweek.

41.     Class Plaintiffs regularly work/worked over 40 hours per workweek.

42.     However, Defendants never pay/paid Class Plaintiffs any additional compensation for hours worked in excess of 40 in a workweek.

43.     Accordingly, Defendants fail/failed to pay Class Plaintiffs 1.5 times their regular rate their regular rate for all hours worked in excess of 40 in a workweek.

44.     The aforementioned conduct has caused damages to Named Plaintiff and Class Plaintiffs.

**COUNT I**
<u>**Violations of the Fair Labor Standards Act ("FLSA")**</u>
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Class Plaintiffs v. Defendants)**

45.     The foregoing paragraphs are incorporated herein as if set forth in full.

6

46.     At all times relevant herein, Defendants have been and continue to be an "employer" within the meaning of the FLSA.

47.     At all times relevant herein, Defendants are/were responsible for paying wages to Named Plaintiff and Class Plaintiffs.

48.     At all times relevant herein, Named Plaintiff and Class Plaintiffs were employed with Defendants as "employees" within the meaning of the FLSA.

49.     Under the FLSA, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek.

50.     Defendants' violations of the FLSA include, but are not limited to not paying Named Plaintiff and Class Plaintiffs at least 1.5 times their regular rates for hours worked in excess of 40 in a workweek.

51.     Defendants' conduct in failing to pay Named Plaintiff and Class Plaintiffs properly is and was willful and is and was not based upon any reasonable interpretation of the law.

52.     As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**Violations of the Pennsylvania Minimum Wage Act**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff v. Defendants)**

53.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

54.     At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff.

55.     At all times relevant herein, Named Plaintiff was employed with Defendants as "employees" within the meaning of the Pennsylvania Wage Laws.

7

56.     Under the Pennsylvania Minimum Wage Act, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek.

57.     Defendants violated the Pennsylvania Minimum Wage Act by not paying Named Plaintiff at least 1.5 times his base rate as explained supra.

58.     Defendants' conduct in failing to pay Named Plaintiff properly is and was willful and is and was not based upon any reasonable interpretation of the law.

59.     As a result of Defendants' unlawful conduct, Named Plaintiff has suffered damages as set forth herein.

## COUNT III
### Violations of the Pennsylvania Wage Payment and Collection Law
### (Failure to pay wages owed)
### (Named Plaintiff v. Defendants)

60.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

61.     Defendants violated the Pennsylvania Wage Payment and Collection Law by not paying Named Plaintiff owed wages.

62.     As a result of Defendants' unlawful conduct, Named Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

(1)     Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom in violation of federal and state wage and hour laws;

(2)     Defendants are to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions;

8

(3)   Named Plaintiff  and Class Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(4)   Named Plaintiff and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(5)   Named Plaintiff and Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

Matthew D. Miller, Esq.
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: August 5, 2014

## DEMAND TO PRESERVE EVIDENCE

1.   Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiffs' employment, to Named Plaintiff's and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other

9

information and/or data and/or things and/or documents which may be relevant to any claim or

defense in this litigation.

10